## Commonwealth v. Beese

*Francis K. Risko*, District Attorney, for Commonwealth.

*C. Norwood Wherry*, for defendant.

SAND, J., May 13, 1969.—Defendant was arrested and charged with a violation of The Vehicle Code of April 29, 1959, P. L. 58, secs. 624 and 1037, 75 PS §624(b), operating a motor vehicle after suspension of operating privileges, and 75 PS §1037, operating while under the influence of intoxicating liquor. After consideration of the evidence in this case, we find as fact, beyond a reasonable doubt, that defendant did operate his motor vehicle after suspension of his operating privileges and while under the influence of intoxicating liquor. Defendant, however, interposes demurrers to these charges based on the fact that he was operating his vehicle on the parking lot of his apartment, private property.

As for the charge of operating a motor vehicle after suspension of operating privileges, 75 PS §624(b), in order to be convicted of that offense, it is necessary to be driving on a *public highway of the Commonwealth* at the time of the offense. Both the statute and cases are explicit on this point. The Commonwealth has conceded on this aspect of the case. The demurrer as to this charge must be sustained.

As for the remaining charge, however, to be found guilty of operating while under the influence of intoxicating liquor, 75 PS §1037, it is *not* necessary to

be operating on a public highway of the Common-wealth. The cases interpreting this section, all lower court, uniformly so state. The statute, unlike 75 PS §624(b) noted above, makes no mention of *highway* or *public highway*. Defendant argues that the cases interpreting 75 PS §1037 are factually distinguishable from the one at hand in that the evidence showed that the vehicles had just exited or were preparing to enter a public highway, whereas defendant here was only moving his car within his parking lot. The cases also note, however, that the statute is designed to protect the public and the driver from a dangerous activity (drunken driving) which can be as dangerous, if not more so, on parking lots and other private property as on the highway. See Commonwealth v. Campbell, 28 D. & C. 260. Operating while under suspension, how-ever, is not dangerous per se. The distinction dictates the difference between the statutes.

Defendant also argues that where the legislature has desired to include operation on *private* property as a chargeable offense, such element was specifically included in the statute, to wit, 75 PS §1001 (1.1), adds to the definition of reckless driving: "Any per-son who drives . . . *on private property* . . . . .", 75 PS §1021, adds the offense of parking on *private property*. However, both of the above statutes, prior to the amendments which added "private property" to the offense, specifically limited the offenses to acts committed on public highways and, therefore, re-quired the addition of private property to extend their scope. That is not the case as to 75 PS §1037.

Accordingly, we find defendant not guilty of oper-ating a motor vehicle after suspension of operating privileges, but guilty of operating while under the in-fluence of intoxicating liquor, section 1037 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1037.

Defendant may file motions for new trial and in arrest of judgment within seven days of this order.